1
2
3
4
5

**Cara R. Burns, Esq. (State Bar No. 137557)**
cburns@hmkblawyers.com
**HICKS, MIMS, KAPLAN & BURNS**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 92677**
**Telephone: (310) 314-1721**
**Facsimile: (949) 340-9737**

6
7

**Attorneys for Plaintiff,**
**BRAVADO INTERNATIONAL GROUP**
**MERCHANDISING SERVICES, INC.**

8
9
10

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| **BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** <br><br> **Defendants.** | Case No. <br><br> **COMPLAINT FOR: TRADEMARK INFRINGEMENT; VIOLATIONS OF THE LANHAM ACT; VIOLATION OF CALIFORNIA CIVIL CODE 3344(a); AND VIOLATION OF RIGHT TO PRIVACY** |

19
20

Plaintiff,  Bravado International Group Merchandising Services, Inc. ("Plaintiff"), by its attorneys, files this complaint against defendants, alleging as follows:

21

### JURISDICTION AND VENUE

22
23
24
25

1.     This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

26
27
28

## PARTIES

2.      Plaintiff Bravado International Group Merchandising Services, Inc., ("Plaintiff") is a Delaware corporation with its principal place of business in New York, New York.

3.      Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4.      The individual defendants and defendant XYZ Company will be present in and about the Eastern District of California in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5.      Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6.      Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7.      "SHAWN MENDES" (the "Artist") is the trademark used by a musical performer in connection with his performing, recording, merchandising and other goods and services, and to distinguish the Artist's services and goods from all other such performers.

8.      The Artist has obtained United States Federal Trademark Registrations for his SHAWN MENDES trademark: Registration Number 5122782  for use in connection

with IC 025 clothing, namely, shirts, sweatshirts, jerseys, t-shirts, hoodies, sweaters, hats, sweatpants, footwear, wristbands; and Registration Number 5299577 for use in connection with IC 016 posters, IC 009 musical sound recordings, and IC 041 entertainment services in the nature of live, theatrical, televised musical and dramatic performances by a performer or group, among other goods and services.

9.     Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Artist's present United States tour (the "Tour").

10.     The Plaintiff has used the Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish its merchandise from those of others by, among other things, prominently displaying the Artist's Trademarks on recording covers and merchandise, including T-shirts and other apparel.

11.     The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts.

12.     As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any or all of the Artist's Trademarks. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Artist's Trademarks.

13.     On Thursday, July 11, 2019 at the Golden 1 Arena in Sacramento, California, the Artist will perform (the "Concert"). Authorized Tour Merchandise bearing

any or all of the Artist's Trademarks will be sold throughout the United States before, during and after all concerts on the Tour.

## **DEFENDANTS' UNLAWFUL CONDUCT**

14.    Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after the performance, and at subsequent concerts during the Tour.   The tour has begun and so have Defendants' unlawful activities.

15.    The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of his public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

16.    The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true.  It also injures the Artist and Plaintiff in that Defendants do not pay any royalty for these unlawful sales.

17.    The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants of the Artist's Trademark also

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

Complaint
cv-

constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

18.    Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

19.    Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

20.    Plaintiff realleges each allegation set forth in the paragraphs above.

21.    By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

22.    Plaintiff realleges each allegation set forth in the paragraphs above.

23.    By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## THIRD CLAIM FOR RELIEF
### (Violation of California Civil Code § 3344(a))

24.    Plaintiff realleges each allegation set forth in paragraphs above.

25.    Upon information and belief, the aforesaid acts by Defendants and others will involve the knowing use of the Artist's name and likeness without consent, in violation of California Civil Code § 3344(a).

26.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to California Civil Code § 3344 with respect to Defendants' unlawful use of the Artist's names and likenesses.

## FOURTH CLAIM FOR RELIEF

### (Violation of Common Law Right to Privacy)

27.     Plaintiff realleges each allegation set forth in paragraphs above.

28.     By virtue of the expenditures of time, efforts and talent by the Artist and Plaintiff in advertising, publicizing and promoting the accomplishments of the Artist and through extensive commercial exploitation of their public persona, the Artist and Plaintiff have created rights of publicity in the Artist's name and likeness which has been licensed and conveyed to Plaintiff.

29.     The aforesaid uses of the Artist's Trademarks by Defendants constitute infringements of such rights of privacy.

30.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief under the Common Law Right to Privacy with respect to Defendants' unauthorized use of Artist's name and likeness.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Bravado International Group Merchandising Services, Inc. seeks relief against Defendants as follows:

A.      As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold,

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

Complaint
cv-

held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.      As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Artist's concerts on the Tour, including whether this occurs before, during or after the concerts.

C.      That Defendants deliver up for destruction any and all Infringing Merchandise.

D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated:  July 10, 2019

Respectfully Submitted,
Bravado International Group
Merchandising Services, Inc.
By Its Attorneys
/s/ Cara R. Burns_____
Cara R. Burns, Esq. (Cal. Bar # 137557)
cburns@hmkblawyers.com
Hicks, Mims, Kaplan & Burns
28202 Cabot Road, Suite 300
Santa Monica, California 92677
Telephone: (310) 314-1721
Facsimile: (949) 340-9737