UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-100, et al., <br><br> Defendants. | No. 2:19-cv-01274-KJM-CKD <br><br><br> ORDER |

Plaintiff's Ex Parte Application for Temporary Restraining Order (TRO), Seizure Order, and Order to Show Cause Why a Preliminary Injunction and Seizure Order should not Issue are before the court. ECF No. 3. The court has issued a TRO restraining bootleggers from selling merchandise bearing marks that infringe registered trademarks owned by the performing artist Shawn Mendes, which marks Mendes has licensed exclusively to plaintiff; in issuing the TRO, the court has GRANTED plaintiff's request in part. *See* ECF No. 9. In so doing, the court finds that plaintiff initially has raised serious questions going to the merits of its claims and a strong likelihood of irreparable injury to plaintiff, such that the balance of hardships tips sharply in plaintiff's favor. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating analysis for preliminary injunctions); *Stuhlbarg Int'l. Sales Co. v. John D. Brush &*

1

*Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Plaintiff's motion raises two substantive issues that merit brief discussion at this juncture, laying the foundation for more complete consideration at hearing on the requested preliminary injunction. The motion raises other issues as well but given the extremely short time between plaintiff's filing of its application and the date by which it requested the TRO,[1] the court does not review those other issues here.

First, as expressed during the telephonic status the court held with plaintiff's counsel, the court has concerns based on plaintiff's naming only Doe defendants, primarily because the practice raises questions regarding whether the threshold requirement that a case and controversy exist is met for the case to proceed. *See Live Nation Merch., Inc. v. Does*, 2015 WL 12672733, at *1–2. The practice of identifying defendants as Does is generally disfavored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored." (citation omitted)). Here, where the Does are intended to identify a broad group of those who are not licensed to make commercial use of Mendes's marks, with only a few actual past bootleggers identified by photographs alone, the concerns raised by the naming of Doe defendants are heightened, in this court's view. *See Plant v. Doe*, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998) ("The use of a fictitious name is not generally permitted as a tool by which a private plaintiff may obtain a broad-based order preventing any and all members of society from engaging in future behavior that might or might not later be found to have violated the plaintiff's rights." (citations omitted)).

---

[1] In a situation like this one, where plaintiff's client's tour has been scheduled for some time, it appears the more prudent practice would be to file a request for a temporary restraining order in the district hosting a later stop on the tour, as here, further in advance. Then, plaintiff could serve the bootleggers/Doe defendants who appear at the first and second concert venues with notice of the temporary restraining order request. This might at least ameliorate some of this court's and other district courts' concerns regarding jurisdiction, notice and the practice of naming Doe defendants. *See Live Nation Merch., Inc. v. Does*, No. CV 15-3762-GHK (EX), 2015 WL 12672733, at *1–2 (C.D. Cal. May 21, 2015); *Leidseplein Presse, B.V. v. Does*, 2016 WL 337267 (W.D. Wash. 2016); *Live Nation Merch., Inc. v. Does*, No. 18CV2703-GPB(JLB), 2018 WL 6326321, at *3–4 (S.D. Cal. Dec. 4, 2018).

1         Nevertheless, given the transitory nature of the bootlegging here, which takes the form of sales in parking lots and on sidewalks near a concert venue, the court recognizes the difficulty of identifying the bootleggers by name before a concert commences. The court finds plaintiff has made a sufficiently diligent, albeit unsuccessful, effort to identify the bootleggers for the purposes of a temporary restraining order. *See* Decl. of Emily Holt, ECF No. 5, ¶¶ 10, 12. In contrast to the plaintiff in *Plant v. Doe*, plaintiff here at least "attempted to ascertain the identity of [the defendants]" and made a "preliminary factual investigation before bringing suit in this federal Court," 19 F. Supp. 2d at 1320 (citations omitted). *See* Decl. of Emily Holt ¶¶ 10, 12; *id.*, Ex. C (photographs of allegedly counterfeit merchandise purchased from Doe defendants); Ex. D (photographs of alleged bootleggers selling merchandise).

        Moreover, the court currently is persuaded by the Fifth Circuit's reasoning in *World Wrestling Entm't, Inc. v. Unidentified Parties*, 770 F.3d 1143, 1145 (5th Cir. 2014). There, the court held the fact plaintiff had named only Doe defendants did not preclude issuance of the requested injunction, because plaintiff established it had an exclusive license to sell the merchandise in question. *Id.* Therefore, "the person[s] against whom seizure would be ordered are readily identifiable as any non-affiliated person purporting to sell [plaintiff's] merchandise at or near" plaintiff's event. *Id.* Such is the case here, where plaintiff has shown, through the sworn declaration of Emily Holt, that plaintiff has "obtained the exclusive right to distribute authorized Tour Merchandise." *See* Decl. of Emily Holt ¶ 2. Accordingly, the fact that defendants cannot be named until they are identified and served does not prevent the court from granting the requested temporary injunctive relief.

        Second, plaintiff's proposed order authorizes seizure of counterfeit merchandise by both on duty law enforcement officers and "off duty officers . . . and any person acting under their supervision." Proposed Order, ECF No. 3-1, at 4. The power to issue injunctions and seizure orders to enforce federal trademark law derives from 15 U.S.C. § 1116, which provides in pertinent part that service and enforcement of a seizure order "shall be made by a Federal law enforcement officer (such as a United States marshal or an officer or agent of the United States Customs Service, Secret Service, Federal Bureau of Investigation, or Post Office) or may be made

by a State or local law enforcement officer." 15 U.S.C. § 1116(d)(9).  In *World Wrestling Entm't, Inc. v. Does*, No. 15-CV-01263-VC, 2015 WL 9690312 (N.D. Cal. Mar. 24, 2015), a fellow district judge reasoned that this statutory provision should be read narrowly, and not to include anyone other than on duty law enforcement officials.  *Id.* at *1–2; s*ee also World Wrestling Entm't, Inc. v. Unidentified Parties*, 770 F.3d at 1145.  The judge rejected the same language proposed here, reasoning that, "if a person is not acting in his capacity as an actual police officer, it seems unlikely he could be deemed a 'local law enforcement officer' within the meaning of section 1116(d)(9)."  *World Wrestling Entm't,* 2015 WL 9690312, at *2.  The court is persuaded by this reasoning, after considering the other district court decision pointed to by plaintiff's counsel.  *See* Order, *Bravado Int'l Grp. Merch. Servs., Inc. v. Does*, No. 16-cv-00524-JSW (N.D. Cal. Feb. 3, 2016) (accepting plaintiff's argument after supplemental briefing, without engaging in statutory analysis).  This court thus has adopted the same modified language incorporated into the injunction issued by the judge in the Northern District *World Wrestling Entm't* case.  2015 WL 9690312, at *2 ("Any on-duty federal, state or local law enforcement officer is hereby authorized to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks. . . .").

      Plaintiff shall be prepared to address in more depth the above issues, as well as all other issues raised by the request for a preliminary injunction at the hearing set for July 25, 2019.

            IT IS SO ORDERED.

DATED:  July 12, 2019.

_____
UNITED STATES DISTRICT JUDGE